IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC SMITH | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-35 Erie |
| | ) | District Judge McLaughlin |
| OFFICER HEWITT, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion for **partial** judgment on the pleadings [Document # 15] be granted. Defendants Eddy, McConnell, Giddens, Barr, Brooks and Burke should be dismissed from this action.

**II.    REPORT**

    **A.    Relevant Procedural History**

On March 6, 2007, Plaintiff, a state inmate incarcerated at the State Correctional Institution at Albion ("SCI-Albion"), filed this *pro se* action, raising civil rights claims. Named as Defendants are: Officer Hewitt; Officer Grinnel; Officer Arkwright; Officer Williamson; Sgt. Beddick; Rebecca Kessler; William Barr; Marilyn Brooks; Sharon Burke; Lt. Eddy; Major Giddens and Lt. McConnell, all current or former employees of the SCI-Albion.

In his complaint, Plaintiff alleges that on March 30, 2005, he was physically assaulted by Defendants Hewitt, Grinnel, Arkwright, Williamson and Beddick, while Defendant Kessler watched from nearby. Further, Plaintiff alleges that when Defendants Eddy, McConnell, Giddens, Barr, Brooks and Burke became aware of the assault, they "never attempted to remedy

the matter." Plaintiff claims that his constitutional rights under the Eighth and Fourteenth[1] Amendments were violated in this regard.

Defendants have filed a partial[2] motion for judgment on the pleadings [Document # 15], and have also filed an answer [Document # 14]. Plaintiff has filed a brief in opposition to the pending motion [Document # 30]. The issues are ripe for disposition by this Court.

### B.    Standards of Review

#### 1.    *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal

---

[1]  Although Plaintiff alleges that his Fourteenth Amendment due process rights were violated by the use of excessive force against him, such a claim only implicates the Eighth Amendment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) ("After conviction, the Eighth Amendment 'serves as the primary sources of substantive protection ... in cases ... where the deliberate use of force is challenged as excessive and unjustified. Any protection that 'substantive due process' affords convicted prisoners against excessive force is ... redundant of that provided by the Eighth Amendment."); Cardone v. Hammond, 2006 WL 694773, *1 (D.Del. 2006) ("[E]xcessive force claims for those convicted of a crime are analyzed under the Eighth Amendment.").

[2]  Defendants have not moved for judgment on the excessive force claim levied against Defendants Hewitt, Grinnel, Arkwright, Williamson, Beddick and Kessler.

pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion for judgment on the pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is treated using the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12 (b)(6). Eisen v. Temple University, 2002 WL 156284 (E.D. Pa. June 28, 2002), citing Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir.1991). Dismissal is warranted only if it appears beyond doubt that the party asserting the claim "can prove no set of facts in support of his claim which would entitled him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir.2001).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of

3

the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974. See Phillips v. County of Allegheny, ___ F.3d ___, 2008 WL 305025 (3d Cir. Feb. 5, 2008).

### C. "Official Capacity"

Plaintiff purports to sue all Defendants in both their individual and official capacities. However, these "official capacity" claims are precluded by sovereign immunity.

The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their **official** capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)). Thus, unless the Commonwealth of

4

Pennsylvania has consented to suit here or the Congress has expressly abrogated this Eleventh Amendment immunity, neither of which has occurred, this case should be dismissed against the individually named Defendants in their official capacities.

Therefore, the motion for judgment on the pleadings should be granted in this regard.

### D. *Respondeat Superior* as it relates to Defendants Eddy, McConnell, Giddens, Barr, Brooks and Burke

Defendants argue that Eddy, McConnell, Giddens, Barr, Brooks and Burke should be dismissed from this action because they lack personal involvement in the alleged excessive use of force against Plaintiff. In his Opposition Brief, Plaintiff argues:

> [...] Barr, Brooks, Burke, Eddy, Giddens and McConnell failed to remedy that matter after those living and breathing beings gained knowledge of [the assault] ... Thee [sic] Plaintiff specifically stated that he informed Barr, Brooks, Burke, Eddy, Giddens and McConnell that he had been physically assaulted ... [T]hose individuals had actual knowledge and acquiescence of that matter and failed to remedy that matter after they gained knowledge of it.

Document # 31, pages 3-4.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983

5

for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

For civil rights liability to attach, the supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207). Here, Plaintiff alleges that these six Defendants did nothing to remedy the situation after they became aware of it. This allegation, even taken as true, does not rise to the level of "actual knowledge and acquiescence" as that term includes a component of contemporaneousness[3] not alleged here. Plaintiff only alleges that these Defendants did nothing after they became aware of the alleged assault and that allegation fails to rise to the level of a constitutional violation. Accordingly, the motion for judgment on the pleadings should be granted and Defendants Eddy, McConnell, Giddens, Barr, Brooks and Burke should be dismissed from this action.

### E.     State Law Claims

In his complaint, Plaintiff brings state law claims of "criminal conspiracy, attempted murder, assault and battery, racial discrimination, deliberate indifference, pain and suffering, humiliation, embarrassment, negligence, gross negligence, breach of peace, breach of contract, obstruction of justice, cruel and unusual punishment, mental anguish, emotional distress, official oppression, excessive use of force, disorderly conduct, ethnic intimidation, recklessly

---

[3] In order to impose liability on a supervisory official for the actions of a subordinate, there must be "both 1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and 2) circumstances under which the supervisor's assertion could be found to have communicated a message of approval to the offending subordinate." Colburne v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988) quoting Chincello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). See also Jefferson v. Wolfe, 2006 WL 1947721, at *17 (W.D. Pa.) (holding that prison officials' concurrence in the administrative remedies process does not state an actionable claim under § 1983).

6

endangering another person." Document # 1, pages 1-2.

Defendants are entitled to judgment on the pleadings in regard to these claims as 1) Defendants have immunity as to the intentional torts [see 42 Pa.C.S.A. §8522(b)] and 2) this Court lacks subject matter jurisdiction over the allegations involving criminal activity [U.S. Const. Amend. X].

Accordingly, the motion for judgment on the pleadings should be granted as to these state law claims.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion for **partial** judgment on the pleadings [Document # 15] be granted. Defendants Eddy, McConnell, Giddens, Barr, Brooks and Burke should be dismissed from this action.

In accordance with the Magistrates Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: February 21, 2008